UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIV TRANSPORTATION INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT STONE and STI FREIGHT MANAGEMENT INC., <br><br> Defendants. | CASE NO.: 1:23-cv-00899-PLM-SJB <br><br><br> HON.  PAUL L. MALONEY |

### DEFENDANT ROBERT STONE'S AND DEFENDANT STI FREIGHT MANAGEMENT INC.'S ANSWER WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW COMES** Defendant Robert Stone and Defendant STI Freight Management Inc., hereafter "Defendants," and do hereby state as their Answer with Affirmative Defenses the following:

### Parties

1. Plaintiff, LIV, is an Illinois Corporation doing business in Cook County, Illinois. LIV is a common carrier for interstate transportation of goods.

    **ANSWER:  This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. Defendants leave Plaintiff to its strictest proofs.**

2. On information and belief, STI is a Michigan Corporation doing business in Caledonia, Michigan as a transportation broker. On information and belief, STI conducts business throughout the United States.

   **ANSWER: Admitted.**

3. On information and belief, Defendant Stone is an individual who has an ownership interest in STI and is a resident of the State of Michigan.

   **ANSWER: Admitted.**

## Nature of Claim

4. This matter is to redress Defendants' violations of the Michigan Consumer (the "Act"), for making false, misleading and disparaging claims concerning Plaintiff and Plaintiff's business.

   **ANSWER: Denied as untrue.  Defendants leave Plaintiff to its strictest proofs.**

## JURISDICTION AND VENUE

5. Venue is proper in the Western District of Michigan because, upon information and belief, Stone resides in Kent County, Michigan and STI's principal place of business is in Kent County, Michigan.

   **ANSWER: Admitted.**

6. This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S. Code § 1332 as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over Defendants because both Stone and STI are citizens of the State of Michigan.

   **ANSWER:  Admitted.**

## FACTS

7. On or about April 24, 2019, STI contacted LIV to transport a load of machinery (the "Cargo") for STI's customer, A&B Packing Equipment Inc. ("A&B").

   **ANSWER: Admitted. For further answer, STI posted a load from Lawrence, Michigan to Kingsburg, California and LIV Transportation responded to the posting on Truckstop.co. LIV Transportation agreed to deliver the load for a fee of $3,850.00. LIV Transportation invoiced STI for this amount and it was paid on May 19, 2019. See Exhibit A-Invoice from LIV Transportation dated April 30, 2019. STI reported the incident with LIV on Truckstop.com on May 4, 2019; LIV never responded to STI's report of this incident. See Exhibit B-Carrier Reference dated May 4, 2019.**

8. At all times before, during, and after the damage to the Cargo, LIV carried liability insurance, which insured against damage to cargo as a common carrier.

   **ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. Defendants leave Plaintiff to its strictest proofs.**

9. Damage to cargo is an occasional occurrence in the shipping industry and is not considered unusual when dealing with thousands of shipments per day.

   **ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. Defendants leave Plaintiff to its strictest proofs.  The damage that resulted to Defendants' client's cargo resulted**

**from Plaintiff violating the terms of an exclusive-use shipment. Plaintiff added freight to Defendants' exclusive-use shipment in order to generate additional revenue which resulted in damage to cargo.**

10. LIV does business with many transportation brokers in Illinois and throughout the United States. STI is one such transportation broker.

    **ANSWER: To the extent that this statement applies only to Plaintiff, no response is required from the Defendants. The statement applies to Defendants, the same is admitted that STI is a transportation broker.**

11. LIV transported the Cargo from Lawrence, Michigan to Reedley, California.

    **ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. For further answer, Defendants experienced fraudulent, unethical and deceptive practices on two separate occasions involving the Plaintiff.**

    **On one occasion, the Defendants hired Plaintiff to transport a shipment for A & B Packing Company from Lawrence, Michigan to Reedley, California on or around April 29, 2019. During this shipment, Plaintiff's driver removed the seal, unloaded, moved, and rearranged the cargo, and damage occurred to the cargo as a result. Defendant made an incident report to Truckstop.com, and Plaintiff responded. Exhibit C -Carrier Reference dated 5-9-2019. Travelers Property and Casualty Co. ("The Travelers") is the subrogated cargo insurer for A & B Packing. A & B Packing contracted with STI Freight Management to handle the transport of certain industrial equipment from Lawrence, MI to Reedley, CA. LIV provided a trailer, and arrived at A & B Packing on April 29, 2019, where LIV**

4

accepted the cargo in good order and condition. A claim was submitted to the Traveler's by A & B Packing which was ultimately paid by the Travelers, who then sued Plaintiff under the doctrine of subrogation. STI made a claim against LIV, and Hartford Insurance, which was LIV's insurer, denied STI's claim because LIV refused to accept responsibility for the damaged cargo. The case eventually settled with the Traveler's having been paid-in-full by Plaintiff's insurer, Hartford Insurance. See Exhibit D-Complaint and Answer in case of *Traveler's Property and Casualty Co. of America v LIV Transportation Inc.*, Case No. 1:19-cv-01491, United States District Court Eastern District of California; See Exhibit E-Notice of Settlement, Case No. 1:19-cv-01491)

Another incident where Defendants experienced fraudulent, unethical, and deceptive practices by Plaintiff occurred on or around April 25, 2019. Defendant contracted with Plaintiff to ship a load of cargo for A & B Packing Company from Lawrence, Michigan to Kingsburg, California. Upon receipt of the delivery, it was determined that Plaintiff's driver had removed the seal, and the load had been unloaded and reloaded to consolidate more freight from a different broker/shipper in violation of the terms of the exclusive-shipment contract between Plaintiff and Defendant STI. See *Exhibit D-Bill of Lading dated April 30, 2019*. Defendant posted a Carrier Reference on May 4, 2019 describing this incident and Plaintiff never responded. (Ex. B; Exhibit F-Bill of Laden indicating damage to cargo due to locks being removed by Plaintiff's driver).

12. During transit, the Cargo was damaged.

5

**ANSWER: Admitted. For further answer, LIV's driver(s) unethically and wrongfully removed the seal and unloaded/reloaded cargo to consolidate loads to include more freight from a different broker/shipper, causing damage to the Cargo on two occasions.**

13. A & B filed an insurance claim with Travelers Property Casualty Company of America ("Travelers") for the damage to Cargo.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. A & B Packing Equipment Inc. ("A & B") is/was the customer of Defendants, and is also referred to as the "shipper." A & B filed a claim with their insurance carrier, The Travelers. The Travelers sued LIV Transportation Inc. for damage to A & B's cargo shipment from Lawrence, MI to Reedley, CA.  (Ex. D) under the doctrine of subrogation. LIV's insurance carrier, Hartford Insurance, eventually reimbursed the Traveler's insurance in full and the case was settled. (Ex. E).**

14. Pursuant to its insurance agreement with A & B, Travelers subsequently paid A & B $214,516.34.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. The Travelers sued LIV Transportation Inc. as subrogatee and assignee of A & B for the damage to A & B's Cargo caused by Plaintiff under the Carmack Amendment to Interstate Commerce, Act. 49 USC §14706. The case was ultimately settled. (Ex. E).**

6

15. In the transportation industry, brokers like STI have access to various public forum websites to post comments about a broker's experience with transportation carriers like LIV.

    **ANSWER: Denied in the manner and form alleged. Defendants leave Plaintiff to its strictest proofs.**

16. One such public forum is a website called Freightguard. On Freightguard, brokers like STI can post reports praising or criticizing the services that carriers provide.

    **ANSWER:  Denied in the manner and form alleged. Defendants leave Plaintiffs to its strictest proofs.**

17. On October 31, 2019, Stone, in his capacity as STI's President and Director, posted a Freightguard report (the "Freightguard Report," a true and correct copy of which is attached hereto as Exhibit A) against LIV relating to LIV's transport of Cargo for STI's customer, A&B.

    **ANSWER: Denied as untrue in the manner and form alleged. For further answer, any and all "postings" allegedly made by Defendants were based upon the truth which can be proven through pictures, emails, and testimony. Truth is an absolute defense. (See Exhibit G-Emails with Plaintif's insurance carrier the Hartford re: damages; Exhibit H-Emails and photographs depicting the removed/damaged seal; and Exhibit I-Emails discussing Plaintiff having removed the lock/seal causing cargo damage).**

18. The Freightguard Report contains false assertion concerning LIV, including but not limited to stating that LIV engaged in "Fraudulent Activity" and "Unethical or Deceptive

7

Business Practices," and further asks that readers contact STI and Stone to "Explain Everything" about LIV.

**ANSWER: Denied as untrue. Anything that allegedly was posted by Defendant Stone or Defendant STI was based on verifiable, truthful facts specific to the Defendants' experience of doing business with Plaintiff. The truth is an absolute defense. For further answer, Defendants have photos and emails to back up and prove that their statements are truthful. A copy of the photos and emails proving Plaintiff's deceptive business practices and the statements made by Defendants are attached as Exhibit G-Emails with Plaintiff's insurance carrier the Hartford re: damages; Exhibit H-Emails and photographs depicting the removed/damaged seal; and Exhibit I-Emails discussing Plaintiff having removed the lock/seal causing cargo damage.**

19. Among its customers and brokers, LIV has always maintained a professional and impeccable reputation.

    **ANSWER: Denied as untrue. Defendants' own, personal, first-hand experience with Plaintiff directly contradicts this self-serving allegation.**

20. LIV has never engaged in deceptive practices and has never engaged in fraudulent activity. Nor has LIV ever engaged in unethical business practices.

    **ANSWER: Denied as untrue. Defendants' own, personal, first-hand experience with Plaintiff directly contradicts this self-serving allegation. Defendant experienced Plaintiff's deceptive and fraudulent acts on two occasions.**

21. The transaction between LIV, A & B and STI resulted in a common and simple cargo claim for damaged cargo which was ultimately paid though insurance proceeds.

**ANSWER: Denied as untrue. The claim was ultimately paid after litigation against LIV Transportation by the Traveler's Insurance, A & B's cargo insurer. (Ex. D; Ex. E).**

22. By posting the Freightguard Report on a public forum claiming that LIV engaged in fraudulent conduct and deceptive practices, Defendants have themselves engaged in deceptive trade practices by making disparaging statements about LIV that are publicly available to all brokers or carriers who have access to Freightguard.

**ANSWER:   Denied as untrue. The truth is an absolute defense. Defendants posted  truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

### COUNT I VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

23. Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

**ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. Defendants also reallege Paragraphs 1-22 of their Answers as if fully rearticulated herein.**

24. Pursuant to Section 3 of the Act, a person engages in unfair, unconscionable or deceptive acts when they have used or employed any of the practices described in Section 3 of the Act, which includes the disparagement of the goods, services or business of another by use of false or misleading representations of fact.

**ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

25. Stone's oral and written statements concerning Plaintiff's business, as alleged herein, are without any foundation in fact and are wholly false, disparaging and misleading.

**ANSWER: Denied us untrue. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

26. Stone knows that the statements that he made in the Freightguard Report are false, disparaging and misleading.

**ANSWER: Denied as untrue. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

27. Stone intended those statements, and those statements were understood by the persons hearing and reading them, as meaning, among other things, that LIV is engaging in deceptive and/or unethical business practices.

**ANSWER: Denied as untrue. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences**

with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.

28. Stone intended those statements, and those statements were understood by the persons hearing them and reading them, to mislead and/or disparage the services that LIV provides.

**ANSWER:  Denied as untrue. The truth is an absolute defense. Defendants posted  truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

29. Stone's statements were intended to harm LIV and, upon information and belief, it appears that Stone's goal was to have LIV's customers stop doing business with LIV.

**ANSWER:  Denied as untrue. The truth is an absolute defense. Defendants posted  truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

30. As a result of Stone's misleading and disparaging statements, LIV's reputation as a good carrier has been tarnished.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs.  The truth is an absolute defense. Defendants posted  truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is**

11

**Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

31. Stone's deceptive practices have harmed LIV in the course of its business and caused significant damages to LIV.

    **ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

32. Specifically, Stone's deceptive practices have damaged LIV in an amount in excess of $100,000.00 in lost contracts and diminished business opportunities.

    **ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

*WHEREFORE, Defendant Robert Stone and Defendant STI Freight Management Inc. pray that this Honorable Court dismiss this frivolous and meritless claim without further delay.*

## COUNT II VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

33. Plaintiff realleges paragraphs 1 through 32 as if fully alleged herein.

    **ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. Defendants also reallege Paragraphs 1-32 of their Answers as if fully rearticulated herein.**

34. Pursuant to Section 3 of the Act, a person engages in unfair or deceptive practices when they have used or employed any of the deceptive practices described in Section 3 of the Act, which includes the disparagement of the goods, services or business of another by use of false and/or misleading representations of fact.

    **ANSWER: This statement applies only to Plaintiff and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied in the manner and form alleged. The truth is an absolute defense. Defendants posted  truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

35. STI's oral and written statements concerning Plaintiff's business, as alleged herein, are without any foundation in fact and are wholly false, disparaging and misleading.

    **ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the**

13

same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.

36. STI, by and through Stone, made false, disparaging and misleading statements.

   **ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

37. STI, by and through Stone, intended those statements, and those statements were understood by the persons hearing and reading them, as meaning, among other things, that LIV is engaging in deceptive and/or unethical business practices.

   **ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

38. The disparaging statements that STI made, by and through Stone, were intended to harm LIV and, upon information and belief, it appears that STI's goal was to have LIV's customers stop doing business with LIV.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

39. As a result of STI's false and disparaging statements, LIV's reputation as a good carrier among some of its customers has been tarnished.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff. (See Exhibit J-Defendant's Affidavit).**

40. STI's actions have harmed LIV in the course of its business and thus amount to a violation of the Act.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the**

same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.

41. In addition, STI's comments, by and through Stone, have cost LIV large sums of monies.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

42. Specifically, STI and Stone's deceptive practices have damaged LIV in an amount in excess of $100,000.00 in lost contracts and diminished business opportunities.

**ANSWER: This statement does not apply to Defendants, and so no response is required from the Defendants. To the extent this Court demands a reply, the same is denied as untrue. Defendants leave Plaintiff to its strictest proofs. The truth is an absolute defense. Defendants posted truthful and verifiable statements about their own first-hand experiences with the Plaintiff. It is Plaintiff's own unethical and poor business practices which are harming Plaintiff.**

**WHEREFORE, Defendants Robert Stone and STI Freight Management do hereby pray that this frivolous and meritless matter is dismissed with costs and with prejudice.**

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 27, 2023 | Bolhouse, Hofstee & McLean, P.C. |
|  | By: /s/ *Michelle M. McLean* |
|  | Michelle M. McLean (P71393)<br>Grandville State Bank Building<br>3996 Chicago Drive SW<br>Grandville MI 49418<br>Phone: (616) 531-7711 |
|  | Attorneys for Defendants Robert Stone and STI Freight Management Inc. |