UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIV TRANSPORTATION, INC., an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Robert Stone and STI Freight Management Inc., a Michigan corporation, <br><br> Defendant. | Case No.: 1:23-cv-00899 <br><br> PLM - SJB <br><br> Hon. Paul L. Maloney |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    **A.    Attorneys of Record**

| | |
|---|---|
| Elliot S. Wiczer, Esq. (Lead) <br> Jacqueline M. Satherlie <br> Wiczer Sheldon & Jacobs, LLC <br> 500 Skokie Blvd., Suite 325 <br> Northbrook, IL 60062 <br> (847) 849-4850 <br> ewiczer@wsjlawfirm.com <br> jsatherlie@wsjlawfirm.com <br> **Attorneys for Plaintiff** | Michelle M. McLean <br> Bolhouse, Hofstee & McLean, P.C. <br> Grandville State Bank Building <br> 3996 Chicago Drive SW <br> Grandville, MI  49418 <br> (616) 531-7711 <br> michellem@holhouselaw.com <br> **Attorney for Defendants** |

    **B.    State the basis for federal jurisdiction.** If based on diversity, state the domicile of all parties. As a reminder, domicile is different from residence—the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things: first, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business; second, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of every partner or member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

**This court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S. Code §1332 as the parties are diverse in citizenship and the amount in controversy exceeds $75,00 exclusive of interest and costs.**

**Plaintiff is an Illinois corporation; Defendant STI is a Michigan corporation doing business in Michigan and Defendant Stone is an individual who has an ownership interest in STI and is a resident of Michigan.**

C. **Provide a short overview of the case.** (Please be brief.)

This matter is to redress Defendants' alleged violations of the Michigan Consumer Protection Act for making false, misleading and disparaging claims concerning Plaintiff and Plaintiff's business.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff, a common carrier for interstate transportation of goods charges Defendants Stone and STI, in Counts I and II, respectively, with Violation of the Michigan Consumer Protection Act, for making oral and written false, disparaging and misleading statement about Plaintiff's business, which damaged Plaintiff's reputation as a good carrier and has caused significant damages to Plaintiff.

On November 27, 2023, Defendants answered the Complaint, denying the material allegations and asserting affirmative defenses:  that Plaintiffs have failed to state a cause of actions; that Plaintiff's claims are barred by the applicable statute of limitations; that Plaintiff's claims are barred under the doctrine of laches; that Plaintiff's claims are barred due to the doctrine of unclean hands; that Plaintiff's causes of action are barred under the doctrine of res judicata; that Plaintiff's causes of action are barred under the doctrine of collateral estoppel; that Plaintiff has failed to show that there is no genuine issue of matter fact and that Defendant is entitled to judgment as a matter of law; that Plaintiff has no admissible evidence to support the claims contained in its Complaint and that Defendants are entitled to judgment as a matter of law; that Plaintiff has no admissible evidence to support the claims contained in its Complaint and Defendants are entitled to judgment as a matter of

law; that any and all statement allegedly attributable to Defendants were truthful and based upon Defendants' personal experiences with Plaintiff – that the truth is an absolute defense; that Plaintiff has failed to demand retraction; and that Plaintiff is bound by an agreement that provides that arbitration is the exclusive recourse for any disputes arising out of the Transportation Agreement between Plaintiff and Defendants, including but not limited to federal, state, or provincial statutory claims;

E. **What are the principal factual issues?** (Please be brief.)

Plaintiff claims that Defendants made false asserts about its business and asked readers to contact them to "explain everything" about LIV; thus, that Defendants violated the Michigan Consumer Protection Act, Defendants claim that the statements that they posted about Plaintiff were truthful and verifiable statements about their own first -hand experiences with Plaintiff.   ;

F. **What are the principal legal issues?** (Please be brief.)

Whether Defendants' conduct of posting statements about Plaintiff violated the Michigan Consumer Protection Act or whether the statements posted about Plaintiff were truthful.

G. **What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?**

Plaintiff claims that it has  been damaged in an amount in excess of $100,000 in lost contracts and diminished business opportunities, plus punitive damages and other relief that the Court deems reasonable and just.. .

H. **Have all the defendants been served, or waived service of process?**

Yes, Defendants Stone and STI were served on October 23, 2023

II. **Case Scheduling and Discovery**

A. **Proposed Discovery Schedule.** Fill in the blanks below. Also, submit a Word version of the proposed scheduling order to Judge proposed order inbox:
The parties are reminded that, under Rule 16(b) of the *Federal Rules of Civil Procedure*, the Court is required to issue a scheduling order that includes "the time to join other parties, amend the pleadings, complete discovery, and file motions." **If the parties are unable to agree on proposed dates to govern the remainder of the case, or to present their competing proposals, the Court will set those dates as required by Rule 16 without input from the parties.** *See* **Fed. R. Civ. P. 16(b)(1).**

The parties are also reminded that the pendency of a dispositive motion, such as a motion to dismiss, **does not** automatically cause discovery to be stayed.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | February 29, 2024 |
| Service of process on any "John Does" | January 26, 2024 [*60 days after the beginning of fact discovery*] |
| Completion of Fact Discovery | May 31, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | June 28, 2024 [*Insert date one month after close of fact discovery*] |
| Deposition of Plaintiff's Expert | August 30, 2024 |
| Disclosure of Defendant's Expert Report(s) | July 26, 2024 |
| Deposition of Defendant's Expert | September 30, 2024 |
| Dispositive Motions | October 31, 2024 [*Insert date one month after the close of expert discovery*] |

B. **How many depositions do the parties expect to take?** 3-5

C. **Do the parties foresee any special issues during discovery?** Not at this time.

D. **Proposed Discovery Plan pursuant to Rule 26(f)(2).** *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Sally J. Berens' proposed order inbox.

   i. **Rule 26(a)(1) Disclosures Due:** February 15, 2024
   ii. **Type of discovery needed**: The parties anticipate the need for written and oral fact discovery on Plaintiff's claims and Defendants' defenses.
   iii. **ESI Discovery**: The parties anticipate that discovery will include ESI, have agreed to electronic service and production in native or pdf format and do not anticipate any issues regarding discovery or disclosure at this time.

      iv. **Issues or agreements regarding claims of privilege or protection**:   None at this time.

      v. **Changes in limitations on discovery imposed by FRCP and local rules**: None at this time.

**III.**   **Trial**

    **A.**   **Have any of the parties demanded a jury trial?** Yes, on November 27, 2023, Defendants demanded a jury trial.

    **B.**   **Estimate the length of trial:** 3 days.

**IV.**   **Settlement, Referrals, and Consent**

    **A.**   **Have any settlement discussions taken place?** If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

        No

    **B.**   **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

        Yes.

    **C.**   **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge** for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

        Yes.  The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge and unanimously consent to that procedure.

**V.**   **Other**

    **A.**   **Is there anything else that the plaintiff(s) wants the Court to know?** (Please be brief.)

        Not at this time.

    **B.**   **Is there anything else that the defendant(s) wants the Court to know?** (Please be brief.)

        Not at this time.

Dated: January 8, 2024

Respectfully Submitted,

 _/s/ Elliot S. Wiczer_               _/s/ Michelle M. McLean_____
Attorney for Plaintiff                Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I the undersigned attorney certify that on this day of January 8, 2024 a true and correct copy foregoing, Joint Status Report, has been provided via electronic mail to the following:

Michelle M. McLean
Bolhouse, Hofstee & McLean, P.C.
Grandville State Bank Building
3996 Chicago Drive SW
Grandville, MI  49418
(616) 531-7711
michellem@holhouselaw.com
**Attorney for Defendants**


/s/  *Elliot S. Wiczer*_____