UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LIV TRANSPORTATION, INC.,

        Plaintiff,                                Hon. Sally J. Berens

v.                                             Case No. 1:23-cv-899

ROBERT STONE, et al.,

        Defendants.

_____/


**MEMORANDUM**

On October 4, 2024, Defendants filed a combined motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 25.) On October 31, 2024, Plaintiff filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).[1] (ECF No. 26.) Defendants responded to Plaintiff's motion on November 1, 2024, opposing Plaintiff's requested dismissal and requestins that the Court grant their motion for summary judgment in full. Defendants also indicated their intent to seek Rule 11 sanctions against Plaintiff. (ECF Nos. 27, 27-1.) On November 4, 2024, the Court entered an Order directing Plaintiff to clarify its motion for voluntary dismissal with regard to whether the dismissal was to be with or without prejudice. (ECF No. 28.) On November 7, 2024, Plaintiff filed a clarified motion for voluntary dismissal, which stated that it seeks dismissal with prejudice. (ECF No. 29.) Defendants responded to Plaintiff's clarified motion the same day. (ECF No. 30.)

---

[1] The motion's title erroneously referred to Fed. R. Civ. P. 41(b), which pertains to involuntary dismissals.

As the Court noted in its November 4, 2024 Order, Sixth Circuit caselaw holds that when a plaintiff moves for dismissal with prejudice, a district court generally abuses its discretion if it denies the request. *See Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 746–52 (6th Cir. 2023) (discussing *Smoot v. Fox*, 340 F.2d 301 (6th Cir. 1964) (per curiam)); *York v. Ferris State Univ.*, 36 F. Supp. 2d 976, 979 (W.D. Mich. 1998) ("Under binding Sixth Circuit precedent, where a plaintiff moves to voluntarily dismiss his case with prejudice, a court has no discretion and must grant the motion.") (citing *Smoot*, 340 F.2d at 303). In light of Plaintiff's clarification, the Court is bound to grant its motion to dismiss this action with prejudice.

In their response, Defendants acknowledge the distinction between a dismissal without prejudice and a dismissal with prejudice, noting that an award of costs and attorney's fees may be appropriate in the former instance but generally not in the latter. (ECF No. 30 at PageID.226–27.) Nonetheless, Defendants request that the Court grant them an award of attorney's fees in the amount of $10,000.00 based on Plaintiff's bad faith and frivolous conduct evidenced by Plaintiff's maintenance of two lawsuits against them, at least one of which they allege clearly lacked legal support. (*Id.* at PageID.227–28.) While Defendants' argument has some appeal, the Court finds no basis to grant them an award of attorney's fees because it is well established in the Sixth Circuit that "when a claim is voluntarily dismissed with prejudice, the rule is that attorney's fees are not available." *Warner v. DSM Pharma Chems. N. Am., Inc.*, Nos. 1:07-cv-302, 1:07-cv-312, 2009 WL 1347162, at *3 (W.D. Mich. May 13, 2009) (citing *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965), and *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852–53 (W.D. Mich. 20007)).

As for Defendants' intent to seek an award of attorney's fees pursuant to Rule 11(c), there is no indication in the docket report that Defendants have previously complied with the safe harbor

2

provisions of Rule 11(c)(2), requiring that a party seeking sanctions under Rule 11(c) first serve

its motion on the opposing party before filing it and provide 21 days to withdraw the challenged

pleading. Fed. R. Civ. P. 11(c)(2). Thus, at this juncture, Rule 11 sanctions are unavailable to

Defendants.[2] *See id.* at *4 (noting that the plaintiff's failure to allege compliance with Rule 11's

safe harbor requirements precluded it from seeking Rule 11 sanctions).

Accordingly, the Court will issue a separate order granting Plaintiff's clarified motion and

dismissing this action with prejudice.

Dated: November 12, 2024                                          /s/ Sally J. Berens
                                                                            SALLY J. BERENS
                                                                            U.S. Magistrate Judge

---

[2] The Court notes that Defendants' dispositive motion was based, in part, on the ground that Plaintiff failed to plead sufficient facts to establish a claim under the Michigan Consumer Protection Act. (ECF No. 25-1 at PageID.133–36.) There is no discernable reason why Defendants could not have brought this Rule 12(b)(6) motion early on in the proceeding.